UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

    Plaintiff,

vs.

SUNSHINE RESTAURANT MERGER SUB, LLC
d/b/a International House of Pancakes #36-78,
and 2901 WEST COMMERCIAL, INC.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Sunshine Restaurant Merger Sub, LLC doing business as International House of Pancakes #36-78 and Defendant 2901 West Commercial, Inc. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants Sunshine Restaurant Merger Sub, LLC and 2901 West Commercial, Inc. are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant Sunshine Restaurant Merger Sub, LLC (also referenced as "Defendant Sunshine Restaurant," "operator," or "lessee") is a foreign limited liability company authorized to transact business in Florida. On information and belief, Defendant Sunshine Restaurant is a franchise operator of the International House of Pancakes restaurant located at 7378 SW 40 Street, Miami Florida 33155.

6. Defendant 2901 West Commercial, Inc. (also referenced as "Defendant West Commercial," "owner," or "lessor") is a Florida for-profit corporation which is the owner of commercial real property identified as Folio 30-4023-012-0081, which is located at 7378 SW 40 Street, Miami Florida 33155 which is built out as a restaurant which is operating as the subject International House of Pancakes #36-78 restaurant. Defendant West Commercial is also the owner of Folio 30-4023-012-0080 which is adjacent to and abutting Folio 30-4023-012-0081. This adjacent commercial property is built out as a community shopping center which is subdivided and operated as an Orangetheory Fitness Club, the Wonder Nails

2

Salon, Delicias de Espana restaurant and the Bangkok City Thai and Sushi restaurant. The community shopping center and the International House of Pancakes share the same parking accommodations.

## FACTS

7. At all times material hereto, Defendant West Commercial has leased its Folio 30-4023-012-0081 commercial property to Defendant Sunshine Restaurant who in turn has operated (and continues to operate) an International House of Pancakes brand restaurant within that leased space.

8. International House of Pancakes brand restaurants are an American multinational pancake house restaurant chain that specializes in breakfast foods. There are 1,841 IHOP restaurant locations in the world including the USA, Canada, Mexico, Peru, Ecuador, Guatemala, the middle east and the subcontinent of India. The majority (99%) of IHOP restaurants are run by independent franchisees.

9. Defendant Sunshine Restaurant's franchised International House of Pancakes #36-78 restaurant specializes in breakfast food (particularly pancakes) but also serves meals for lunch and dinner as well as drinks and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The International House of Pancakes restaurant which is the subject to this action is also referred to as "IHOP (restaurant) at SW 40 Street," "International House of Pancakes at SW 40 Street," "restaurant," or "place of public accommodation."

10. As the operator of a restaurant which is open to the public, Defendant Sunshine Restaurant is defined as a "Public Accommodation" within meaning of Title III

3

because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

11. Due to the close proximity to Plaintiff's home to the IHOP restaurant at SW 40 Street, on April 22, 2022, Plaintiff personally visited the restaurant to purchase a meal and dine therein and to test for compliance with the ADA/ADAAG.

12. Due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff met barriers to access while testing/dining within the restaurant.

13. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of the IHOP restaurant at SW 40 Street (Defendant Sunshine Restaurant) and by the owner of the commercial property which houses the restaurant (Defendant West Commercial).

14. As the franchise owner and operator of an IHOP brand restaurant, Defendant Sunshine Restaurant is well aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its IHOP restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As the owner of commercial property which is built out and utilized as a IHOP brand restaurant open to the general public, Defendant West Commercial is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

16. As the owner of commercial property which is built out as a community shopping center, Defendant West Commercial is aware of the ADA and the need to provide

4

for equal access in all areas of its community shopping center which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its community shopping center is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

17. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

18. Plaintiff continues to desire to patronize and/or test the IHOP restaurant at SW 40 Street, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant, all which are in violation of the ADA.

19. Any and all requisite notice has been provided.

20. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

21. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

5

 (ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

 (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

 42 U.S.C. §12101(b)(1)(2) and (4).

23. Prior to the filing of this lawsuit, Plaintiff personally visited the IHOP restaurant at SW 40 Street with the intention of patronizing that restaurant to enjoy a meal and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

24. Defendant West Commercial and Defendant Sunshine Restaurant have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the IHOP restaurant at SW 40 Street in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

25. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the IHOP restaurant.

26. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. However, Defendant West Commercial and Defendant Sunshine Restaurant have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

27. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

28. Defendant West Commercial's community shopping center, which houses Defendant Sunshine Restaurant's IHOP restaurant, is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.*, and both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Sunshine Restaurant (operator of the restaurant) and Defendant West Commercial (owner of the community shopping center) (jointly and severally), the parties have failed to provide an accessible entrance. The secondary entrance door has a step-up for access to the restaurant without any provision of a curb ramp. The step represents an insurmountable barrier to independent entry to the IHOP restaurant by the Plaintiff and other individuals who use wheelchairs or electronic scooters. Since the secondary walkway to the restaurant cannot be navigated by individuals confined to wheelchairs (no ramp access such that individuals confined to wheelchairs are prohibited from entry), this is a violation of 2010 ADA Standards for Accessible Design Section 216.6 which states that, where not all entrances comply with Section 404, entrances complying with Section 404 must be identified by the International Symbol of Accessibility in compliance with Section 703.7.2.1

    and further there should be signage indicating those entrances which do not comply with Section 404, which is not the case with respect to this IHOP restaurant.

ii. As to Defendant Sunshine Restaurant (operator of the restaurant) and Defendant West Commercial (owner of the community shopping center) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is violative Section 4.13.11 and 2010 ADA Standards for Accessible Design. Section 4.13.11(2)(b) states that states that the maximum force for pushing or pulling open an interior hinged door is 5 lbs. (22.2N). 2010 ADA Standards for Accessible Design Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4, and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

iii. As to Defendant Sunshine Restaurant (operator of the restaurant) and Defendant West Commercial (owner of the community shopping center) (jointly and severally), Plaintiff had difficulty opening the accessible restroom door and entering without assistance as the required maneuvering clearance on the pull side of the door is not provided due to a trash bin encroaching over the accessible water closet clear floor space. This is in violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design (maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance). Section 4.13.6 states that the minimum maneuvering clearances for doors

        be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

iv. As to Defendant Sunshine Restaurant (operator of the restaurant) and Defendant West Commercial (owner of the community shopping center) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall).

v. As to Defendant Sunshine Restaurant (operator of the restaurant) and Defendant West Commercial (owner of the community shopping center) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is mounted outside the required distance in front of the water closet in violation of Section 4.16.6 and Fig. 29 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7

inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finished floor and shall not be located behind grab bars. The subject toilet paper dispenser is in violation of these sections.

vi. As to Defendant Sunshine Restaurant (operator of the restaurant) and Defendant West Commercial (owner of the community shopping center) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is mounted at a non-compliant distance from the side wall. This is a violation of Section 4.16.4 Figure 29(a) of the ADAAG which depicts that the rear wall grab bar must be mounted 12 inches minimum from the side wall . This is also a violation of Section 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

vii. As to Defendant Sunshine Restaurant (operator of the restaurant) and Defendant West Commercial (owner of the community shopping center) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is mounted at a non-compliant distance from the rear wall. This is a violation of Section 4.16.4 Figure 29(b) of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design. Section 604.5.1 states that the side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

29.     Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendants are required to make the community shopping center and the IHOP restaurant operated therein accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

30.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief; including an order to alter the community shopping center and the IHOP restaurant located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant 2901 West Commercial, Inc. (owner of the community shopping center) and Defendant Sunshine Restaurant Merger Sub, LLC (operator of the IHOP restaurant located within the community shopping center) and requests the following injunctive and declaratory relief:

   a)   The Court declare that Defendants have violated the ADA;

   b)   The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

   c)   The Court enter an Order requiring Defendants to alter the community shopping center and the IHOP restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

   d)   The Court award reasonable costs and attorneys fees; and

   e)   The Court award any and all other relief that may be necessary and appropriate.

Dated this 26th day of August, 2022.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*
